James L. Bromley
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Proposed Counsel to the Debtors and Plaintiffs*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>Kumtor Gold Company CJSC and Kumtor Operating Company CJSC,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 21-11051 (LGB)<br><br>Jointly Administered |
| Kumtor Gold Company CJSC and Kumtor Operating Company CJSC,<br><br>    Plaintiffs.<br><br>    v.<br><br>Kyrgyz Republic,<br><br>    Defendant. | Adversary No. 21- ____ (LGB) |

## COMPLAINT

1. Kumtor Gold Company CJSC ("KGC") and Kumtor Operating Company

CJSC ("KOC", each of KGC and KOC a "Debtor" and collectively, the "Debtors" or the

"Plaintiffs"), debtors in the above-captioned chapter 11 cases ("Chapter 11 Cases"), by and

---

[1] The Debtors' corporate headquarters is located at 24 Ibraimova Street, 720001, Bishkek, the Kyrgyz Republic.

through their undersigned counsel and pursuant to rule 7001 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules"), file this Complaint (the "Complaint") seeking an injunction against defendant Kyrgyz Republic (the "Defendant").  In support of this Complaint, the Plaintiffs hereby allege as follows:

## Nature of the Adversary Proceeding

2. This is an adversary proceeding to obtain a temporary restraining order and a preliminary and permanent injunction against the enforcement of an injunction obtained by the Defendant in the Kyrgyz Republic, the continued prosecution of the action commenced by the Defendant in the Kyrgyz Republic and any other actions by the Defendant in violation of the automatic stay.

3. As the Defendant is well aware, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 31, 2021.  [Case No. 21-11051, D.I. 1]  On June 8, 2021, this Court entered an order confirming, among other things, the application of the automatic stay provisions of section 362 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), [Case No. 21-11051, D.I. 20] (the "362 Order").  Despite the clear effect of the automatic stay and the extraterritorial effects thereof, the Defendant has attempted to circumvent the bankruptcy process and exercise court-assisted self-help in the Kyrgyz Republic.

## Jurisdiction

4. This adversary proceeding is commenced pursuant to Bankruptcy Rule 7001.  This Court has jurisdiction over the claims raised in this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4830-7549-0546 v.2

5. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The Defendant cannot assert sovereign immunity in this adversary proceeding. Section 106(a)(1) of the Bankruptcy Code provides that "sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to . . . Sections 105 . . . 362 . . . of this title", and section 101(27) defines "governmental unit" to include "a foreign state" and a "foreign . . . government." 11 U.S.C. §§ 101(27), 106(a)(1).

**Parties**

8. Plaintiff Kumtor Gold Company CJSC is a closed joint stock company organized under the laws of the Kyrgyz Republic and is one of the Debtors in these Chapter 11 Cases.

9. Plaintiff Kumtor Operating Company CJSC is a closed joint stock company organized under the laws of the Kyrgyz Republic and is one of the Debtors in these Chapter 11 Cases.

10. Defendant Kyrgyz Republic is currently led by Sadyr Japarov, the President, and Ulukbek Maripov, the Chairman of the Council of Ministers.

**Factual Allegations**

11. On May 31, 2021, each of the Debtors filed with the Bankruptcy Court a voluntary petition for relief under the Bankruptcy Code (the "Original Petitions").

12. Attached to the Original Petitions are resolutions (the "Authorizing Resolutions") that, among other things, authorized the commencement of these Chapter 11 Cases; authorized, directed and empowered each of Daniel R. Desjardins, Darren Millman and

-3-

Dennis Kwong, each a director of the Debtors to act as a "Designated Person" in respect of these Chapter 11 Cases; authorized, empowered and directed Sullivan & Cromwell LLP ("S&C") to act as the Debtors' general restructuring counsel in connection with these Chapter 11 Cases; and authorized, empowered and directed Stikeman Elliott LLP ("Stikeman") to act as the Debtors' restructuring co-counsel on issues of Canadian law.

13. On June 4, 2021, each Debtor filed an amended voluntary petition to correct the name of each Debtor.

14. On June 4, 2021, the Debtors filed the *Debtors' Motion for Entry of an Order Enforcing Sections 362, 365(e)(1) and 525 of the Bankruptcy Code* [Case No. 21-11051, D.I. 8] (the "362 Motion").

15. On June 7, 2021, Arnold & Porter Kaye Scholer LLP ("A&P") filed a *Notice of Appearance and Request for Services of Notices and Papers* [Case No. 21-11051, D.I. 13] appearing on behalf of the Defendant in these Chapter 11 Cases.

16. On June 8, 2021, this Court held a hearing on, among other things, the 362 Motion. A&P attended the hearing on behalf of the Defendant and objected to, among other things, the Debtors' relief requested in the 362 Motion. This Court overruled A&P's objections and entered the 362 Order.

17. On June 24, 2021, the Debtors filed the *Debtors' Motion for Entry of an Order Modifying the Automatic Stay with Respect to the UNCITRAL Arbitration* [Case No. 21-11051, D.I. 34] (the "Stay Modification Motion"). The Stay Modification Motion referenced the UNCITRAL Arbitration (as defined in such motion), which was commenced by the Debtors and their corporate parent Centerra Gold Inc. ("Centerra") to seek redress for the illegal expropriation of the Kumtor Mine by the government of the Kyrgyz Republic (the "Kyrgyz Government") and

-4-

its instrumentalities and representatives. By the Stay Modification Motion, the Debtors sought clarification from this Court that the automatic stay of section 362 of the Bankruptcy Code would not bar the submission by the Kyrgyz Government of counterclaims in the UNCITRAL Arbitration.

18. On information and belief, on June 24, 2021, the Defendant commenced a proceeding (the "Oktyabrsky Proceedings") by filing an application (the "Initial Application") in the Oktyabrsky District Court of Bishkek (the "Oktyabrsky Court") seeking a declaration that the KGC's Resolutions are invalid in full.

19. On information and belief, on June 30, 2021, the Defendant commenced another proceeding (the "Leninsky Proceedings" and, together with the Oktyabrsky Proceedings, the "Kyrgyz Proceedings") by filing the Initial Application in the Leninsky District Court of Bishkek (the "Leninsky Court" and, together with the Oktyabrsky Court, the "Kyrgyz Courts").

20. On information and belief, in early July 2021, the Defendant filed a supplemental application in the Leninsky Court seeking an injunction to suspend the KGC Resolutions and to prohibit the Designated Persons, S&C and Stikeman from acting on behalf of KGC in connection with these Chapter 11 Cases.

21. On information and belief, on July 6, 2021, the Leninsky Court issued an injunction (the "Kyrgyz Injunction") that purports to "suspend" the Authorizing Resolutions and forbids each of the Designated Persons, S&C and Stikeman from taking any action in furtherance of these Chapter 11 Cases.

22. On July 8, 2021, the Kyrgyz Government, by and through its U.S. counsel Arnold & Porter Kaye Scholer LLP ("A&P"), filed an objection to the Stay Modification Motion [Case No. 21-11051, D.I. 52] (the "Stay Modification Objection"). In the Stay Modification

Objection, among other things, the Kyrgyz Government refused to acknowledge that it is subject to the jurisdiction of this Court and simultaneously asked that the stay be modified to "permit any related arbitration or litigation arising from the same set of operative facts as the Arbitration (the "Related Proceedings") to proceed as well." (Stay Modification Obj. ¶ 8.)

23. On July 12, 2021, the Debtors filed the *Debtors' (I) Reply in Support of the Debtors' Motion for Entry of an Order Modifying the Automatic Stay with Respect to the UNCITRAL Arbitration and (II) Emergency Motion to Enforce the Automatic Stay* [Case No. 21-11051, D.I. 34] (the "Emergency Motion") and on July 13, 2021, the *Debtors'* Ex Parte *Motion for Entry of an Order Shortening Notice with Respect to the Debtors' Emergency Motion to Enforce the Automatic Stay* [Case No. 21-11051, D.I. 63] (the "Motion to Shorten").

24. On July 13, 2021, the Kyrgyz Government, by and through A&P, filed an objection to the Motion to Shorten [Case No. 21-11051, D.I. 76].

25. On July 13, this Court held an emergency telephonic hearing on the Motion to Shorten and established an expedited schedule for the submission of this Complaint by the Debtors.

## Count I

### (Injunctive Relief)

26. The Plaintiffs hereby restate and reallege the allegations contained in the foregoing paragraphs in the Complaint as if fully set forth and pleaded herein.

27. Section 105(a) of the Bankruptcy Code authorizes this Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a). This Court can issue a temporary restraining order, or a preliminary or permanent injunction, under section 105(a) enjoining a plaintiff's prosecution of

-6-

4830-7549-0546 v.2

an action outside the Bankruptcy Court where such an act would defeat or impair its jurisdiction with respect to a case pending before it.

28. The Plaintiffs seek, among other things, a temporary restraining order and a preliminary and permanent injunction enjoining the Defendant from enforcing the Kyrgyz Injunction, continuing to prosecute the Kyrgyz Proceedings, ordering the Defendant to voluntarily withdraw or stay its claims in the Kyrgyz Court, ordering the Defendant to make an application to the Kyrgyz Court to reverse the Kyrgyz Injunction and enjoining the Defendant from taking any other action in violation of the automatic stay.

29. Absent issuance of a temporary restraining order and a preliminary and permanent injunction to this effect, the Debtors and their stakeholders will be irreparably harmed. The Kyrgyz Injunction, the enforcement of the Kyrgyz Injunction and the continued prosecution of the Kyrgyz Proceedings purport to prevent the Debtors and their Designated Persons and professionals from prosecuting these Chapter 11 Cases. The Debtors' reorganization efforts will be jeopardized.

30. The Defendant will not be prejudiced by an injunction to this effect. The Plaintiffs do not seek to prevent the Defendant from pursuing its claims; rather, they seek only to require the Defendant to move to dismiss these Chapter 11 Cases, if at all, in this Court.

31. Issuance of a temporary restraining order and a preliminary and permanent injunction would further the public interest and fundamental bankruptcy policy of rehabilitation of debtors. The Defendant should not be permitted to seek relief in another court to dismiss these Chapter 11 Cases or divest this Court of its jurisdiction. Any litigation regarding the appropriateness of these Chapter 11 Cases, including the Debtors' authority to commence and

prosecute these cases, should be commenced, if at all, in this Court. The public interest strongly weighs in favor of injunctive relief.

## **Prayer for Relief**

**WHEREFORE**, by reason of the foregoing, the Plaintiffs respectfully request that the Court issue an order:

a. Enjoining the Defendant from enforcing the Kyrgyz Injunction;

b. Enjoining the Defendant from continuing to prosecute the Kyrgyz Proceedings;

c. Directing the Defendant to voluntarily dismiss or stay the Kyrgyz Proceedings;

d. Directing the Defendant to make an application to the Leninsky Court to reverse the Kyrgyz Injunction;

e. Enjoining the Defendant from taking any other action in violation of the automatic stay;

f. Should the Defendant fail to comply with any order issued by this Court enjoining it from enforcing the Kyrgyz Injunction or continuing to prosecute the Kyrgyz Proceedings, sanctioning the Defendant; and

g. Granting such other and further relief as this Court may deem just, equitable or appropriate under the circumstances.

Dated: July 14, 2021  
New York, NY

*/s/ James L. Bromley*  
James L. Bromley  
SULLIVAN & CROMWELL LLP  
125 Broad Street  
New York, NY 10004  
Telephone: (212) 558-4000  
Facsimile: (212) 558-3588  
E-mail: bromleyj@sullcrom.com

*Proposed Counsel to the Debtors and Plaintiffs*

4830-7549-0546 v.2